# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

GORDON FRANKLIN, JR.,                )
                                Petitioner,   )
                 v.                                )  Civil Action
                                      )  No. 07-3166-CV-S-RED-H
JOSEPH E. GUNJA, Warden,            )
                                Respondent.    )

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Petitioner, an inmate confined in the United States Medical Center for Federal Prisoners, petitions this Court for a writ of habeas corpus in which he appears to allege that he was unlawfully committed to the custody of the Attorney General for mental health care and treatment pursuant to 18 U.S.C. § 4246. The petition has been referred to the undersigned for preliminary review under 28 U.S.C. § 636(b). Because petitioner has failed to exhaust available administrative remedies and because he has otherwise failed to state a claim upon which relief can be granted, it will be recommended that he be denied leave to proceed in forma pauperis.

Petitioner was committed to the custody of the Attorney General pursuant to 18 U.S.C. § 4246. United States v. Franklin, (Case No. 90-3445). He has twice been conditionally released from that commitment. Both releases were revoked because petitioner violated conditions. See United States v. Franklin, 435 F.3d 885 (8th Cir. 2006). Annual reports have been submitted regarding the appropriateness of continued mental health treatment, as required by 18 U.S.C. §4246(e)(B). Petitioner's commitment is lawful. Although he appears to challenge his commitment, and seeks to be transferred to a Veteran's Administration Hospital, it is clear that petitioner is

1

lawfully confined under the mental health statutes to the custody of the Attorney General. The Eighth Circuit has held that an inmate may be indefinitely committed for mental health treatment when the inmate suffers from a mental illness that would cause him to be dangerous if released. United States v. Evanoff, 10 F.3d 559, 560 (8th Cir. 1993). Therefore, petitioner is appropriately confined and there is no legal basis for the Court to release him to a Veteran's Administration Hospital. Additionally, he does not allege that he has filed administrative claims regarding his allegations, and there is nothing to indicate that he has done so in this case. Accordingly, the complaint should also be dismissed for failure to exhaust administrative remedies. Counsel for the petitioner has filed a Motion to Withdraw. Because there are no issues presented for which relief is appropriate, the motion is granted.[1]

For the foregoing reasons, it is, pursuant to the governing law and in accordance with Local Rule 72.1 of the United States District Court for the Western District of Missouri,

RECOMMENDED that petitioner be denied leave to proceed in forma pauperis, and that the petition herein for writ of habeas corpus be dismissed without prejudice.

/s/ James C. England
JAMES C. ENGLAND, Chief
United States Magistrate
Judge

Date: July 13, 2007

---

[1] Petitioner has 10 days to file exceptions to the Report and Recommendation of the United States Magistrate Judge.